The Chancellor.
This injunction cannot be continued without denying to the defendant that benefit of bis answer to which he is entitled by the practice of the court. It is true the rule, that upon denying the equity of the bill, tbe injunction must be dissolved, is a general rule, to which there are exceptions. There must, however, he something characteristic in the case to make it an exception to the rule. It is true it is discretionary in the court; hut the court ought not to act capriciously. If the answer denies the equity of the bill, the court ought to dissolve the injunction, unless the case exhibits some feature which shows that there is a strong probability, at least, that the ends of justice will he better answered by its continuance.
This injunction prevents the defendant from selling clay from his own clay bank, on the ground of an existing contract between the complainant and himself, by which he agreed to deliver the clay exclusively to the complainant. By the contract, the defendant agreed to de *136 liver a quantity of clay every year to the complainant in his boat at the wharf. He stipulated not to sell to any one else, except to one--; and if he did sell, then he agreed to pay the complainant for every load so sold twenty cents. The complainant agreed that he would pay eighty cents a load on delivery, and give his notes for the same at four months. The bill alleges that the complainant has complied with his part of the agreement, but that the defendant has sold clay to others, and has not accounted for the twenty cents a load, and that he refuses to deliver any more clay to the complainant. In his answer, the defendant alleges, that for the clay he has sold to others he has paid the complainant the twenty cents for every load so sold, as the agreement stipulates. He admits that he refuses to deliyer clay to the complainant, and gives as the reason, that the complainant now owes him $900 for clay delivered, and that he refused to deliver any more until he paid according to the agreement. He alleges he is ready to deliver the clay to the complainant as he agreed, and has tendered himself ready, whenever the complainant would fulfil his part of the agreement.
If this answer is true, and I am bound to consider it so on this motion, it would be doing great injustice to the defendant to continue this injunction. The efiect would be to close up his business, or to compel him to deliver his clay to the complainant, whether he paid for it or not. Where the equity of the bill is answered, the court ought not to continue an injunction which will operate as the continuance of this one will.
The continuation of this injunction is ruinous to defendant’s business. It places him wholly in the power of the complainant, and compels him to submit to just such terms as his adversary may require of him.